UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEREMEW ABERA, *et al.*,

    *Plaintiffs*,

v.

READYREMODELING LLC,

    *Defendant*.

Civil Action No. 23-2381 (LLA)

## MEMORANDUM OPINION AND ORDER

Plaintiffs Geremew Abera and Tigist Haylesilassie sue Defendant ReadyRemodeling LLC ("ReadyRemodeling") for failure to complete work on a contract. ECF No. 1. Plaintiffs move for default judgment. ECF No. 10. For the reasons explained below, the court denies Plaintiffs' motion without prejudice.

### I.    Factual Background

Plaintiffs allege the following facts. Plaintiffs hired ReadyRemodeling to perform about $180,000-worth of construction and renovation work at their property at 813 Madison Street, NW. ECF No. 1 ¶¶ 7-8. "Kathleen," who is not a licensed home improvement salesperson, signed the contract on ReadyRemodeling's behalf. *Id.* ¶¶ 12-13. Plaintiffs have paid ReadyRemodeling $92,000 at Defendant's request, but the work remains unfinished. *Id.* ¶ 15.

Plaintiffs allege that the contract is void because Defendants have violated D.C. Municipal Regulation § 16-800.1, which provides: "No person shall require or accept any payment for a home improvement contract to be undertaken in the District in advance of the full completion of all work required to be performed under the contract, unless that person is licensed as a home improvement contractor or as a licensed salesperson employed by a licensed contractor." *Id.* ¶ 16. Plaintiffs

also claim that ReadyRemodeling has violated the Consumer Protection Procedures Act, D.C. Code § 28-3904 *et seq*.  ECF No. 1 ¶¶ 27-30.  They now ask the court to enter a default judgment of $92,000 against ReadyRemodeling.  ECF No. 10.

## II.     Procedural History

Plaintiffs filed this suit in August 2023, ECF No. 1, and twice attempted to effect personal service on ReadyRemodeling, *see* ECF No. 6-1.  Plaintiffs ultimately served ReadyRemodeling pursuant to D.C. Code § 29-104.12(d), which provides that, "if an entity's registered agent in the District cannot with reasonable diligence be found . . . the Mayor shall be an agent of the entity upon whom any process against the entity may be served."  ECF No. 6.

ReadyRemodeling never appeared, and Plaintiffs moved for entry of default.  *See* ECF No. 7.  The Clerk of Court entered default on January 24, 2024.  ECF No. 8.  Plaintiffs filed their motion for default judgment on April 8, 2024.  ECF No. 10.

## III.    Legal Standard

"[T]he Federal Rules of Civil Procedure provide for default judgments . . . [to] safeguard plaintiffs 'when the adversary process has been halted because of an essentially unresponsive party,'" and to protect the "the diligent party . . . lest he be faced with interminable delay and continued uncertainty as to his rights."  *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (quoting *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).  A court may therefore "enter default judgment [under Federal Rule of Civil Procedure 55] when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics."  *Peak v. District of Columbia*, 236 F.R.D. 13, 15 (D.D.C. 2006) (citing *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980)).  Default judgment is appropriate only when the defendant is "a totally unresponsive party and its default [is] plainly willful, reflected by its failure to respond to the

summons and complaint, the entry of default, or the motion for default judgment." *Edwards v. Charles Schwab Corp.*, No. 19-CV-3614, 2022 WL 839636, at *1 (D.D.C. Feb. 14, 2022) (quoting *Flynn v. JMP Restoration Corp.*, No. 10-CV-102, 2010 WL 1687950, at *1 (D.D.C. Apr. 23, 2010)).

A plaintiff must complete two steps to obtain a default judgment. *See* Fed. R. Civ. P. 55. First, the plaintiff must ask the Clerk of the Court to enter default based on a party's failure "to plead or otherwise defend" in response to the complaint. Fed. R. Civ. P. 55(a). Upon entry of default, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Robinson v. Ergo Sols., LLC*, 4 F. Supp. 3d 171, 178 (D.D.C. 2014) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002)); *see Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Second, after the Clerk has entered default, the plaintiff must file a motion for default judgment and provide notice of the same to the defaulting party. Fed. R. Civ. P. 55(b)(2).

Once a plaintiff has satisfied both procedural steps, "[t]he determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008). Courts disfavor default judgments and will resolve disputes based on their merits when possible. *See Jackson*, 636 F.2d at 835; *Darby v. McDonald*, 307 F.R.D. 254, 257 (D.D.C. 2014).

**IV.  Discussion**

Default judgment can only be entered against a party that has defaulted on its obligation to respond to a complaint. *See Peak*, 236 F.R.D. at 15-16. The obligation to respond is triggered by proper service of process. *See* Fed. R. Civ. P. 12(a)(1)(A). Thus, "[a] default 'cannot be entered where there was insufficient service of process.'" *Radiant Glob. Logistics, Inc. v. Am. Indep.*

3

*Distillery Coop.,* No. 20-CV-3239, 2021 WL 5416633, at *3 (D.D.C. Nov. 19, 2021) (quoting *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009)). Plaintiffs have the burden to prove that service was proper. *See Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012); *Myeress v. ProAm Dance Team NYC LLC*, No. 18-CV-109, 2019 WL 1011336, at *3 (D.D.C. Mar. 4, 2019).

Because Plaintiffs were unable to personally serve ReadyRemodeling's registered agent, *see* ECF No. 6-1, they sought to effect service pursuant to D.C. Code § 29-104.12(d) by serving the Mayor. *See SNH Med. Off. Properties Tr. v. A Bloomin' Sandwich Cafe, Inc.*, No. 19-CV-745, 2020 WL 5834858, at *5 (D.D.C. Sept. 30, 2020) (explaining that Section 29-104.12(d) "provides an alternative means of serving a company when the plaintiff's reasonably diligent efforts to serve a registered agent fail."). The Mayor has designated the Superintendent of Corporations at the D.C. Department of Licensing and Consumer Protection ("DLCP") to accept service in such circumstances. *See* Dep't of Licensing & Consumer Prot., Service of Process, https://perma.cc/4VVL-WW4B ("DLCP Website") (last visited Apr. 22, 2024);[1] *Radiant Glob. Logistics, Inc.*, 2021 WL 5416633, at *4.[2] "Service of [p]rocess can be mailed or delivered to DLCP's Superintendent of Corporations." DLCP Website. According to the DLCP's website, a party serving by mail should send the required documents to: Superintendent of Corporations, Department of Licensing and Consumer Protection, Business and Professional Licensing

---

[1] The court takes judicial notice of the DLCP's instructions regarding service of process, which are published on the DLCP's website. *See Pub. Emps. for Env't Resp. v. Nat'l Park Serv.*, 605 F. Supp. 3d 28, 44 n.6 (D.D.C. 2022) ("[T]he Court may take judicial notice of official documents that are publicly available on government websites.").

[2] As the court explained in *Radiant Global Logistics, Inc.*, the Mayor's designee used to be the D.C. Department of Consumer and Regulatory Affairs ("DCRA"). 2021 WL 5416633, at *4. The DCRA has since been replaced by two new agencies: the DLCP and the Department of Buildings. *See* The District's Newest Agencies, https://perma.cc/4UUB-RARD (last visited Apr. 22, 2024).

Administration, Corporations Division, Wells Fargo Bank, MAC Y1372-045, 401 Market Street, Philadelphia, PA 19106. *Id.* The party must also "email [a] copy of [its] mail-in service of process to the following email box – dlcp.corp@dc.gov." *Id.*

Plaintiffs did not mail their materials to the above address; instead, they attest that they mailed their materials to: D.C. Department of Licensing and Consumer Protection, Corporations Division, P.O. Box 712300, Philadelphia, PA 19171. ECF No. 6 at 1. They also do not state whether they emailed a copy of their mail-in service of process to the DLCP inbox as required. *Id.* And they do not include a certificate of service or any other information that would allow the court to conclude that Plaintiffs have properly served the Mayor via the mail. *See id.*; DLCP Website (describing process to obtain certificate of service).

In its Minute Order dated January 30, 2024, the court noted that "when Plaintiffs move for default judgment, Plaintiffs must be prepared to show that service of process pursuant to D.C. Code § 29-104.12(d) complied with the instructions set out by the D.C. Department of Licensing and Consumer Protection." Plaintiffs have not done so. *See* ECF No. 10. Because Plaintiffs have not shown compliance with the DLCP's instructions to properly serve ReadyRemodeling via the Mayor, the court must deny without prejudice Plaintiffs' motion for a default judgment. *See Radiant Glob. Logistics, Inc.*, 2021 WL 5416633, at *5 (denying the plaintiff's motion for default judgment where it had failed to show compliance with the agency's service instructions).

## V.     Conclusion

For the foregoing reasons, Plaintiffs' Motion for Default Judgment as to ReadyRemodeling LLC, ECF No. 10, is **DENIED** without prejudice. It is further **ORDERED** that Plaintiffs shall, on or before May 24, 2024, either submit proof that the Defendant has been properly served or submit a statement showing good cause for its delay in serving the Defendant and its estimation

of when the Defendant will be properly served.  Because the court has afforded Plaintiffs additional time to submit evidence of proper service, the court will reserve ruling on whether it has good cause to set aside the Clerk's entry of the default.  ECF No. 8.  Finally, upon consideration of Plaintiffs' Motion for Default Judgment, ECF No. 10, and Notice of Line Showing Cause, ECF No. 11, it is hereby **ORDERED** that the court's order dated March 25, 2024 to show cause for failure to prosecute is **DISCHARGED**.

                                          **SO ORDERED**.

                                          /s/ Loren L. AliKhan
                                          LOREN L. ALIKHAN
                                          United States District Judge

Date: April 24, 2024