UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEREMEW ABERA, *et al.*,

    *Plaintiffs*,

v.

READYREMODELING LLC,

    *Defendant*.

Civil Action No. 23 - 2381 (LLA)

## MEMORANDUM OPINION

Plaintiffs Geremew Abera and Tigist Haylesilassie filed this action against Defendant ReadyRemodeling LLC for failure to complete work on a home improvement contract. ECF No. 1. The court previously denied Plaintiffs' motion for default judgment without prejudice, ECF Nos. 10, 12, and granted Plaintiffs' subsequent motion for reconsideration, ECF Nos. 13, 15; *see* May 29, 2024 and July 15, 2024 Minute Orders. After amending their complaint, ECF No. 19, Plaintiffs have filed a new motion for default judgment, ECF No. 24. For the reasons explained below, the court will grant Plaintiffs' motion and enter judgment in Plaintiffs' favor and against ReadyRemodeling on Count I of the amended complaint in the amount of $92,000.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In November 2022, Plaintiffs entered into a contract with ReadyRemodeling to perform construction and renovation work at their residential property for about $180,000. ECF No. 19 ¶¶ 7-8. A woman named "Kathleen," who was not a licensed home improvement contractor or licensed home improvement salesperson, signed the contract on ReadyRemodeling's behalf. *Id.* ¶¶ 12-13. The contract required 30% of payment at signing and the remaining payment at various

construction milestones.  *Id.* ¶ 14.  Plaintiffs paid ReadyRemodeling at least $92,000, but the work on their property was never completed.  *Id.* ¶¶ 15, 24.

A District of Columbia municipal regulation provides: "No person shall require or accept any payment for a home improvement contract to be undertaken in the District in advance of the full completion of all work required to be performed under the contract, unless that person is licensed as a home improvement contractor or as a licensed salesperson employed by a licensed contractor."  16 DCMR § 800.1.  In August 2023, Plaintiffs filed this action alleging that their contract with ReadyRemodeling is void under Section 800.1 because Kathleen was not a licensed home improvement salesperson.  *See* ECF No. 1 ¶¶ 13, 16.  Plaintiffs also alleged that ReadyRemodeling had violated the D.C. Consumer Protection Procedures Act, D.C. Code § 28-3904 *et seq.*, because it "misrepresented 'the authority of a salesman, representative or agent to negotiate the final terms of a transaction.'"  ECF No. 1 ¶ 30 (quoting D.C. Code § 28-3904(v)).  They sought disgorgement of the amount paid to ReadyRemodeling, with interest, treble damages, and punitive damages, as well as attorney's fees, costs, and any other relief the court deems just.  *See id.* ¶¶ 21-26, 32.

Plaintiffs twice attempted to effect personal service of their complaint on ReadyRemodeling, and, on both occasions, the process server was met with no response.  *See* ECF No. 6-1.  Plaintiffs then attempted to serve ReadyRemodeling pursuant to D.C. Code § 29-104.12(d), which provides that, "if an entity's registered agent in the District cannot with reasonable diligence be found . . . the Mayor shall be an agent of the entity upon whom any process against the entity may be served."  ECF No. 6.  ReadyRemodeling never appeared, and Plaintiffs moved for entry of default.  ECF No. 7.  The Clerk of Court entered default on January 24, 2024.  ECF No. 8.

In April 2024, Plaintiffs filed a motion for a default judgment. ECF No. 10. The court denied the motion without prejudice, finding that Plaintiffs had not properly served the Superintendent of Corporations at the D.C. Department of Licensing and Consumer Protection ("DLCP"), which the Mayor had designated to accept service of process. ECF No. 12, at 3-6. Specifically, the court explained that Plaintiffs had not complied with the instructions on the DLCP's website or submitted proof that the Superintendent had accepted service. *See id.* The following month, Plaintiffs filed a statement in response to the court's memorandum opinion and order, ECF No. 13, which the court construed as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b), *see* May 29, 2024 Minute Order. In the motion, Plaintiffs pointed to a different set of instructions on the DLCP's website for serving the Superintendent of Corporations and argued that they had complied with those instructions. ECF No. 13, at 1-3. The court thereafter instructed Plaintiffs to file a certificate of service to confirm that the Superintendent had accepted service. *See* May 29, 2024 Minute Order. Plaintiffs filed the requested certificate of service in July 2024. ECF No. 14.

Based on this new information, the court concluded in February 2025 that Plaintiffs had fulfilled the procedural requirements for a default judgment because they had properly effected service on ReadyRemodeling under D.C. Code § 29-104.12(d). ECF No. 15, at 6. While the court accordingly granted Plaintiffs' motion for reconsideration, it again denied Plaintiffs' motion for default judgment, concluding that Plaintiffs had failed to sufficiently state a claim for relief. *See id.* The court explained that under 16 DCMR § 800.1, a contract must be "signed by *either* a licensed home improvement salesperson *or* a 'licensed . . . home improvement contractor,'" but Plaintiffs had alleged only that Kathleen was not a licensed home improvement salesperson—*not* that she lacked both qualifications required under the regulation. *Id.* at 7 (quoting 16 DCMR

§ 800.1). In a footnote, the court noted that if they could "cure this deficiency in an amended complaint," Plaintiffs could seek a new default and default judgment. *Id*. n.2.

Plaintiffs thereafter amended their complaint to add the allegation that Kathleen was not a licensed home improvement contractor. ECF No. 16; *see* ECF No. 19 ¶ 13. In light of Plaintiffs' amended complaint, the court vacated the Clerk of Court's entry of default on the original complaint, ECF No. 8, as moot, ECF No. 18, at 2. The court directed the Clerk of Court to send a copy of the amended complaint to ReadyRemodeling, its registered agent, and the Superintendent of Corporations, ECF No. 18, at 1, and it ordered ReadyRemodeling to respond to the amended complaint by July 25, 2025, *id.* at 2. In August 2025, after ReadyRemodeling failed to respond to the amended complaint, Plaintiffs again sought a default, ECF No. 20, which the Clerk of Court granted, ECF No. 22. Plaintiffs then filed the present motion for a default judgment. ECF No. 24.

## II. LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure provide for default judgments . . . [to] safeguard plaintiffs 'when the adversary process has been halted because of an essentially unresponsive party,'" and to protect "the diligent party . . . lest he be faced with interminable delay and continued uncertainty as to his rights." *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (quoting *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). A court may therefore "enter default judgment [under Federal Rule of Civil Procedure 55(b)(2)] when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics." *Peak v. District of Columbia*, 236 F.R.D. 13, 15 (D.D.C. 2006) (citing *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980)). Default judgment is appropriate only when the defendant is "a totally unresponsive party and its default [is] plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment." *Edwards v.*

4

*Charles Schwab Corp.*, No. 19-CV-3614, 2022 WL 839636, at *1 (D.D.C. Feb. 14, 2022) (internal quotation marks omitted) (quoting *Flynn v. JMP Restoration Corp.*, No. 10-CV-102, 2010 WL 1687950, at *1 (D.D.C. Apr. 23, 2010)).

A plaintiff must complete two steps to obtain a default judgment. *See* Fed. R. Civ. P. 55. First, the plaintiff must ask the Clerk of Court to enter default based on the defendant's failure "to plead or otherwise defend" itself in response to the complaint. *Id.* R. 55(a). Second, after the Clerk has entered default, the plaintiff must file a motion for default judgment and provide notice of the same to the defaulting party. *Id.* R. 55(b)(2). Once a plaintiff has satisfied both procedural steps, "[t]he determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008).

A "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Robinson v. Ergo Sols., LLC*, 4 F. Supp. 3d 171, 178 (D.D.C. 2014) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002)). However, "[t]he defendant's default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief." *Denson v. DC Rest. Holdings, Inc.*, No. 19-CV-1609, 2021 WL 4988994, at *1 (D.D.C. Oct. 27, 2021) (quoting *Jackson v. Corr. Corp. of Am.*, 564 F. Supp. 2d 22, 27 (D.D.C. 2008)). "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30. In ruling on a motion for a default judgment, "the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.*

### III.     DISCUSSION

The court begins by assessing whether Plaintiffs have satisfied the procedural requirements for a default judgment. It then considers whether Plaintiffs have stated a claim for relief under 16 DCMR § 800.1 and determines the appropriate remedy.[1]

### A.     Service

As the court previously found, Plaintiffs properly effected service on ReadyRemodeling under D.C. Code § 29-104.12(d), so the Clerk of Court's January 24, 2024 entry of default was proper. *See* ECF No. 15, at 6. Plaintiffs have since amended their complaint, ECF Nos. 16, 18, 19, which prompted the court to vacate the January 2024 default, ECF No. 18, at 2; *see Mwani v. Al Qaeda*, 600 F. Supp. 3d 36, 53 (D.D.C. 2022) ("When an amended complaint becomes operative, a default entered as to the prior complaint is generally deemed mooted."). While a party is generally required to serve all pleadings that are "filed after the original complaint," Fed. R. Civ. P. 5(a)(1)(B), service is not "required on a party who is in default for failing to appear" unless the pleading "asserts a new claim for relief against such a party," *id.* R. 5(a)(2); *see Portillo v. Smith Commons DC, LLC*, No. 20-CV-49, 2021 WL 3287741, at *3 (D.D.C. Aug. 2, 2021) (explaining that "when new parties, claims, or substantive factual changes are added to an amended complaint, service on the defaulting party is required under Rule 5(a)").

---

[1] While Plaintiffs also assert a violation of the D.C. Consumer Protection Procedures Act, D.C. Code § 28-3904 *et seq.*, in their amended complaint, *see* ECF No. 19 ¶¶ 27-32, their motion for default judgment focuses only on the disgorgement count, *see* ECF No. 24. The court therefore considers Plaintiffs' claim for default judgment only as to Count I of the amended complaint and will dismiss Count II without prejudice. *See Fanning v. Big Warrior Corp.*, 707 F. Supp. 2d 8, 10-11 (D.D.C. 2010).

Here, Plaintiffs were not required to serve ReadyRemodeling with the amended complaint because the company was already in default for failing to appear and Plaintiffs were not asserting any new claims against it.  *Compare* ECF No. 1 (original complaint), *with* ECF No. 19 (amended complaint).  Nevertheless, in an abundance of caution, the court directed the Clerk of Court to send copies of the amended complaint to ReadyRemodeling, its registered agent, and the Superintendent of Corporations.  Given ReadyRemodeling's default, the court deems Plaintiffs' well-pleaded allegations in the amended complaint admitted.  *See Robinson*, 4 F. Supp. 3d at 178.

### B.   Liability

The District of Columbia's municipal regulations provide that "[n]o person shall require or accept any payment for a home improvement contract to be undertaken in the District in advance of the full completion of all work required to be performed under the contract, unless that person is licensed as a home improvement contractor or as a licensed salesperson employed by a licensed contractor."  16 DCMR § 800.1.  A "home improvement contract" is "an agreement for the performance of home improvement work in the District for a contract price of three hundred dollars ($300) or more."  *Id.* § 899.1.  "'Home improvement work,' in turn, is defined as 'the addition to or alteration, conversion, improvement, modernization, remodeling, repair, or replacement of a residential property, or a structure adjacent to the residential property.'"  *C.A. Harrison Cos. v. Evans*, 266 A.3d 979, 983 (D.C. 2022) (quoting 16 DCMR § 899.1).

The court concludes that Plaintiffs' well-pleaded allegations are sufficient to establish that ReadyRemodeling violated Section 800.1.  First, the parties' agreement qualifies as a "home improvement contract" because Plaintiffs contracted with ReadyRemodeling "for certain new construction and renovation work" to their residential property in exchange for about $180,000.  ECF No. 19 ¶¶ 7-8; *see* 16 DCMR § 899.1.  Moreover, the contract required payment prior to full

7

completion of work, and it was not signed on ReadyRemodeling's behalf by a licensed home improvement contractor or a licensed home improvement salesperson employed by a licensed contractor.  ECF No. 19 ¶¶ 12-14; *see* 16 DCMR § 800.1.

As previously noted, "Section 800.1 speaks in the disjunctive, requiring the contract to be signed by *either* a licensed home improvement salesperson *or* a 'licensed . . . home improvement contractor.'"  ECF No. 15, at 7 (quoting 16 DCMR § 800.1).  Plaintiffs allege in their amended complaint that their home improvement contract was signed by a woman named "Kathleen" who was "not a licensed home improvement contractor or a licensed home improvement salesperson on behalf of Ready Remodeling, LLC."  ECF No. 19 ¶¶ 12-13.  In his affidavit in support of the motion for a default judgment, Mr. Abera avers the same.  ECF No. 24-1 ¶¶ 4-7 (stating that the contract "was signed by 'Kathleen,'" not ReadyRemodeling's licensed home improvement salesman).  Plaintiffs have thus cured the deficiency in their original complaint by pleading that Kathleen lacked either of the qualifications required under Section 800.1.  Therefore, the home improvement contract between Plaintiffs and ReadyRemodeling contravened Section 800.1, rendering it "void and unenforceable."  *C.A. Harrison Cos.*, 266 A.3d at 983 (quoting *Capital Constr. Co. v. Plaza W. Coop. Ass'n*, 604 A.2d 428, 430 (D.C. 1992)).

### C.     Damages

After a finding of liability, the court must make an independent determination of the appropriate sum for a default judgment based on affidavits and other supporting documentation.  *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30.  Here, Plaintiffs seek disgorgement of the $92,000 they paid to ReadyRemodeling and offer Mr. Abera's affidavit in support of their motion.  ECF No. 24-1.

Disgorgement of funds paid to an unlicensed home improvement contractor is a proper remedy for a violation of Section 800.1. *See C.A. Harrison Cos.*, 266 A.3d at 986. Courts in the District of Columbia have "long adhered to the policy of requiring an unlicensed home improvement contractor to return to the homeowner payment it received for the job if the contractor received the payment in advance of completion of the job at a time when it was unlicensed." *Id.* (quoting *Remsen Partners, Ltd. v. Stephen A. Goldberg Co.*, 755 A.2d 412, 418 (D.C. 2000)); *see Cutler v. KBR Luxury, Inc.*, No. 23-CV-2377, 2024 WL 2891621, at *5 (D.D.C. June 10, 2024) ("The law is well-settled that an unlicensed business performing home improvement work and receiving progress payments violates [Section ]800.1, making that business subject to disgorgement and to repayment of any partial payments received from the homeowner." (citations omitted)). Additionally, Mr. Abera's affidavit establishes that the appropriate amount of disgorgement is $92,000, which is what Plaintiffs paid to ReadyRemodeling under the contract. ECF No. 24-1 ¶ 9. Accordingly, Plaintiffs are entitled to a default judgment against ReadyRemodeling in the amount of $92,000.

## IV.   CONCLUSION

For the foregoing reasons, the court will grant Plaintiffs' motion for default judgment, ECF No. 24, and enter an order of disgorgement in favor of Plaintiffs and against ReadyRemodeling LLC in the amount of $92,000. A contemporaneous order will issue.

LOREN L. ALIKHAN
United States District Judge

Date:   January 14, 2026